UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASF CORPORATION, <br><br> Plaintiff, <br><br> -against- <br><br> WESTERN AVENUE AUTO BODY OF LYNN, INC. a/k/a and/or f/k/a WESTERN AVENUE AUTO BODY and RAFFI KEIKIAN, <br><br> Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> CIVIL ACTION NO. |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants Western Avenue Auto Body of Lynn, Inc. a/k/a and/or f/k/a Western Avenue Auto Body ("Western Avenue") and Raffi Keikian ("Keikian," and collectively with Western Avenue, "Defendants") alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Western Avenue is a corporation organized and existing under the laws of the State of Massachusetts, with a principal office of 882 Western Avenue, Lynn, MA 01905 on file with the Massachusetts Corporations Division. Western Avenue's registered agent on file with the Massachusetts Corporations Division is Keikian, with a service address of 882 Western Avenue, Lynn, MA 01905.

3. On information and belief, Keikian is an individual and a citizen of the State of Massachusetts and resides at 124 Walnut Street, Watertown, MA 02472.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Western Avenue is an autobody shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

6. Upon information and belief, Keikian is the owner and president of Western Avenue.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of Massachusetts. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Massachusetts.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendants are subject to the personal jurisdiction in this District.

9. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

10. On or about February 23, 2017, BASF and Defendants entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

11. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Western Avenue was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $339,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns, and credits ("Minimum Purchases").

12. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Western Avenue $20,000.00 ("New Consideration") in consideration of Western Avenue satisfying its obligations under the Requirements Agreement. Western Avenue also agreed to assume liability under the Requirements Agreement for $20,625.00 ("Prior Consideration") for unearned consideration from a prior agreement between the parties, for a total of $40,625.00 ("Contract Fulfillment Consideration").

13. Pursuant to Paragraph 3 of the Requirements Agreement, if Western Avenue were sold before reaching its Minimum Purchases requirements or if the Requirements Agreement were otherwise terminated for any reason prior to Western Avenue fulfilling its Minimum Purchases requirement, Western Avenue was required to refund 100% of the Contract Fulfillment Consideration to BASF.

14. Pursuant to Paragraph 5 of the Requirements Agreement, BASF provided Western Avenue with one set of Diamont Toners ("Toners") on consignment. Western Avenue

agreed that upon BASF's demand and/or termination of the Requirements Agreement, it would pay BASF for the value of all consumed Toners and, if applicable, return any unopened Toners to BASF.

15. As part of the Requirements Agreement, Keikian signed an Owner's Personal Guaranty ("Personal Guaranty") by which he guaranteed Western Avenue's performance under the terms of the Requirements Agreement, including but not limited to the repayment of the Contract Fulfillment Consideration to BASF and payment for or return of the Toners.

***Defendants' Breach of the Requirements Agreement***

16. In or about April 2020, Western Avenue, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, purchasing Refinish Products from BASF's competitor, ceasing to purchase BASF Refinish Products prior to fulfilling its $339,000.00 Minimum Purchases requirement, failing to refund the Contract Fulfillment Consideration to BASF pursuant to the Requirements Agreement, and failing to pay BASF for the value of consumed Toners, which is $16,924.15.

17. At the time of Western Avenue's breach and termination of the Requirements Agreement, Western Avenue had purchased only approximately $193,170.73 in BASF Refinish Products, leaving a purchase balance due and owing of $145,829.27 and triggering a refund of the $40,625.00 Contract Fulfillment Consideration.

18. In breach of the Personal Guaranty in Paragraph 13 of the Requirements Agreement, Keikian has failed and refused to refund $40,625.00 for the Contract Fulfillment Consideration, pay BASF the $145,829.27 balance of the Minimum Purchases requirement, or pay BASF $16,924.15 for the Toners.

19. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

20. By letter dated October 9, 2020, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendants notice that they were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration and payment for the Toners. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

21. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

## COUNT I
### Breach of Contract Against Western Avenue

22. BASF incorporates by reference the allegations contained in the above paragraphs.

23. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Western Avenue was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $339,000.00 of Refinish Products in the aggregate with BASF Glasurit and RM Refinish Products, net of all distributor discounts, rebates, returns, and credits.

24. Despite Western Avenue's obligations under the Requirements Agreement and in breach thereof, Western Avenue failed to meet the Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

25. A purchase balance of at least $145,829.27 remains outstanding under the terms of the Requirements Agreement.

26. Because of Western Avenue's breach without legal excuse, and pursuant to Paragraph 3 of the Requirements Agreement, Western Avenue is obligated to refund the $40,625.00 Contract Fulfillment Consideration to BASF and pay BASF $16,924.15 for the Toners.

27. As of the date of the filing of this Complaint, as a direct and proximate result of Western Avenue's breach, Western Avenue has damaged BASF under the Requirements Agreement as follows:

   a. $40,625.00 for the Contract Fulfillment Consideration;

   b. $145,829.27 for the remaining balance of the Minimum Purchases requirement; and

   c. $16,924.15 for the Toners.

28. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Western Avenue's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

29. As a direct and proximate result of Western Avenue's breaches of its obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

**WHEREFORE**, BASF demands judgment against Western Avenue, awarding an amount to be determined at trial but not less than $203,378.42, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT II
### Breach of Contract Against Keikian

30. BASF incorporates by reference the allegations contained in the above paragraphs.

31. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Keikian personally guaranteed Western Avenue's obligations to BASF under the Requirements Agreement, including, but not limited to, the return of the Contract Fulfillment Consideration and payment for the Toners.

32. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Keikian has failed to pay BASF the amounts due from Western Avenue under the Requirements Agreement.

33. Upon information and belief, as of the date of the filing of this Complaint, Keikian has damaged BASF in the following amounts under the Requirements Agreement:

   a. $40,625.00 for the Contract Fulfillment Consideration;

   b. $145,829.27 for the remaining balance of the Minimum Purchases requirement; and

   c. $16,924.15 for the Toners.

34. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Keikian's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

35. As a direct and proximate result of Keikian's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial.

**WHEREFORE**, BASF demands judgment against Keikian, awarding an amount to be determined at trial but not less than $203,378.42, together with interest thereon, awarding

costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III
**Unjust Enrichment**

36. BASF incorporates by reference the allegations contained in the above paragraphs.

37. Through BASF's business relationship with Defendants, Defendants received the benefit of the $40,625.00 Contract Fulfillment Consideration provided by BASF in anticipation of the parties' continued business relationship.

38. Defendants prematurely terminated the parties' business relationship but Defendants have failed to return the $40,625.00 to BASF.

39. BASF expected remuneration in the sum of $40,625.00 for the Contract Fulfillment Consideration. Defendants' failure to return the Contract Fulfillment Consideration to BASF has unjustly enriched Defendants.

40. Permitting Defendants to retain the benefit of the $40,625.00 Contract Fulfillment Consideration when Defendants prematurely terminated their business relationship with BASF would be unequitable and unjust to BASF.

41. By reason of the foregoing, Defendants have been unjustly enriched by $40,625.00 for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants awarding an amount to be determined at trial but not less than $40,625.00, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV
### Declaratory Relief

42. BASF incorporates by reference the allegations contained in the above paragraphs.

43. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

44. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning their rights and obligations under the Requirements Agreement. Defendants contend that they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

45. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

46. BASF demands a trial by jury on all counts and as to all issues.

## PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $203,378.42, together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

      d.      Awarding BASF such other and further relief as this Court deems just and proper.

Dated: December 12, 2022

                Respectfully submitted,

Lesley P. Chuang (BBO# 685698)
lesley.chuang@us.dlapiper.com
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110
Telephone: (617) 406-6088
Fax: (617) 406-6188

-and-

Caroline C. Marino
cmarino@leaderberkon.com
*pro hac vice* application to be submitted
Leader Berkon Colao & Silverstein LLP
630 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 486-2400
Fax: (212) 486-3099

*Attorneys for Plaintiff BASF Corporation*