UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BASF CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTERN AVENUE AUTO BODY OF )<br>LYNN, INC., and RAFFI KEIKIAN, )<br>)<br>Defendants. )<br>) | Civil Action No.<br>22-12104-FDS |

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**SAYLOR, C.J.**

This is a case arising from a contractual dispute between plaintiff BASF Corporation and defendants Western Avenue Auto Body Shop of Lynn, Inc. and its president Raffi Keikian. BASF contends that defendants breached a contract between the parties by purchasing products from a competitor, failing to meet a minimum-products-purchase threshold, failing to reimburse plaintiff for use of its equipment, and failing to repay contractual consideration.

After defendants failed to answer or otherwise defend this action, the clerk entered a notice of default. Plaintiff has moved for default judgment. For the reasons set forth below, that motion will be granted.

**I.      Background**

BASF brought this action on December 12, 2022. The complaint asserts four claims: breach of contract against Western Avenue (Count 1); breach of contract against Keikian (Count 2); unjust enrichment against both defendants (Count 3); and declaratory relief (Count 4).

Defendants did not file an answer or otherwise defend the action.[1]  Accordingly, on February 24, 2023, the clerk entered a notice of default pursuant to BASF's request under Fed. R. Civ. P. 55(a).  (ECF Nos. 7-8).  BASF has filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b), requesting $203,378.42 in damages plus prejudgment interest and litigation costs.

## II.    Standard of Review

Where a party has obtained an entry of default, the court must determine the amount of damages unless it is a "sum certain."  Fed. R. Civ. P. 55(b)(2).  The party that has defaulted is deemed to have admitted all of the allegations in the complaint.  *See Pizzo v. Gambee*, 810 F. Supp. 2d 345, 347 (D. Mass. 2011) (citing *Multi Tech., Inc. v. Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-35 (1988)).

## III.   Analysis

On February 23, 2017, Western Avenue, an auto body shop that reconditions vehicles, and BASF, a seller of aftermarket refinishing products, executed a requirements agreement.  (Compl. Ex. A).[2]  The contract required Western Avenue to purchase refinishing products from BASF to fulfill 100% of its refinishing-product needs until it reached the Minimum Purchase Requirement of $339,000 in the aggregate, net of all distributor discounts, rebates, returns and credits.  (*Id.* at 1).[3]

As consideration, BASF paid Western Avenue $20,000.  Western Avenue also agreed to assume a $20,625 liability from a prior contract.  Thus, in the event of the contract's termination

---

[1] Western Avenue was served on January 19, 2023, by process served on Joe Keikian, a manager of Western Avenue authorized to accept service of process.  (ECF No. 12-1).  Raffi Keikian was served on January 26, 2023, by a process server leaving the summons at his residence with Anahid Keikan, his father, and by mail.  (*Id.*).

[2] Refinishing products are aftermarket paints, refinishes, coatings, primers, thinners, and reducers.  (Compl. Ex. A at 1).

[3] The term of the contract was defined as beginning the first full calendar month after the effective date and continuing until Western Avenue reaches the Minimum Purchase Requirement.  (*Id.* at 1).

for any reason prior to the expiration of its contemplated term, Western Avenue agreed to refund the total amount of $40,625. (*Id.* at 1-2).[4]

The contract also loaned and consigned certain inventory owned by BASF to Western Avenue, including a set of Diamont toners. (*Id.* at 2). Upon expiration or premature termination, Western Avenue was required to pay for the portion of the consumed inventory in accordance with then-current prices or return any unopened inventory. (*Id.* at 3).

Raffi Keikian, the owner-president of Western Avenue, unconditionally guaranteed the performance of Western Avenue under the terms of the contract and personally guaranteed any repayment of the Contract Fulfillment Consideration to BASF. (*Id.* at 4).

Taking the factual allegations in the complaint as true, defendants breached the contract in or about April 2020, and that breach resulted in damages. (Compl. ¶ 16). Western Avenue purchased refinishing products from a BASF competitor, ceased purchasing BASF refinishing products prior to fulfilling its $339,000 Minimum Purchase Requirement, failed to refund the Contract Fulfillment Consideration of $40,625, and failed to reimburse BASF for the consigned toners it consumed, valued at $16,924.15. (*Id.* ¶¶ 16-18). On October 9, 2020, BASF notified defendants that it considered them to be in default of their contractual obligations. (Compl. Ex. B). Neither defendant has appeared or otherwise defended this case.

Having established breach of contract and injury flowing from that breach, plaintiff is entitled to $145,829.27 from the balance owed under the Minimum Purchase Requirement, $40,625 for the Contract Fulfillment Consideration, and $16,924.15 for the value of consumed

---

[4] The Contract Fulfillment Consideration forms the basis for Count 3 of BASF's complaint for unjust enrichment against defendants. However, "a party with an adequate remedy at law cannot claim unjust enrichment." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017). As there is a valid contract which governs the parties' obligations, unjust enrichment is not an available avenue of recovery. *See Klauber v. VMware, Inc.*, 80 F.4th 1, 15 (1st Cir. 2023). Count 3 will accordingly be dismissed without prejudice.

toners.[5]  The damages total $203,378.42.  Litigation costs here consist of the clerk's filing fee for the complaint ($402) and fees for service of process on both defendants ($290).  (*See* ECF No. 12-2).

The operative agreement has a choice-of-law clause determining that the agreement "shall be governed by and construed under the law of the State of Michigan."  (Compl. Ex. A at 3).  A court sitting in diversity when it awards prejudgment interest applies the law of the state where it sits, including its conflict-of law principles.  *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 41 F.3d 764, 774 (1st Cir. 1994).  Therefore, plaintiff is entitled to receive prejudgment interest pursuant to Mich. Comp. Laws Ann. § 600.6013(8).  *See Morris v. Watsco, Inc.*, 385 Mass. 672, 672-73 (1982).

The rate of interest is calculated at six-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of five-year United States treasury notes during the six months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually.  Mich. Comp. Laws Ann. § 600.6013(8); *see Chelsea Inv. Grp. LLC v. Chelsea*, 288 Mich. App. 239, 257 (2010).  The date of filing in this case occurred on December 12, 2022, meaning that 10 full months have passed as of the date of this judgment.  The Court will use $204,070.42, the total damages inclusive of litigation costs, as the base amount from which to calculate prejudgment interest.

---

[5] The declaration of a BASF manager, Nicholas Maloof, supports BASF's claimed damages.  (*See* Maloof Decl.).  Maloof attested that he is familiar with BASF's contractual relationships as they relate to refinishing products and the payments made or received pursuant to contracts concerning those products.  (*Id.* at 2).  At the time of breach, Western Avenue had purchased approximately $193,170.73 of the $339,000 they were obligated to purchase under the Requirements Agreement.  Accordingly, the damages in connection with the Minimum Purchase Requirement is the remaining balance of $145,829.27.  (*Id.* at 11).  Western Avenue agreed to refund 100% of the Contract Fulfillment Consideration ($40,625) to BASF if the contract were to terminate before fulfilling the Minimum Purchase Requirement.  (*Id.* at 5-6).  The value of the consumed toners for which Western Avenue agreed to reimburse BASF was $16,924.15.  (*Id.* at 10).

*See id.*  Accordingly, the amount of prejudgment interest will be $9,679.06, assessed jointly and severally against both defendants.

The complaint also states a cognizable claim for declaratory relief.  "The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, empowers a federal court to grant declaratory relief in a case of actual controversy."  *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).  "The Act 'neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies."  *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 39 (1st Cir. 2006) (quoting *El Dia, Inc. v. Hernandez Colon*, 963 F.3d 488, 492 (1st Cir. 1992)).  "Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief."  *Ernst & Young*, 45 F.3d at 534.  A court "should consider the totality of the circumstances" when deciding whether to award a declaratory judgment.  *El Dia*, 963 F.2d at 494.

Count 4 seeks "a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement."  (Compl. ¶ 43).  The Court has already found in favor of plaintiff on Counts 1 and 2.  Plaintiff has not identified any aspect of the contract that would not be resolved by the Court's evaluation of its other claims.  Accordingly, the Court declines to issue a declaratory judgment as duplicative, and Count 4 will be dismissed without prejudice.  *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 237 (1st Cir. 2013); *Martorana v. Progressive Direct Ins. Co.*, 2023 WL 2465639, at*9 (D. Mass. Mar. 10, 2023) (collecting cases); *BASF Corp. v. Martineaus Auto Body, Inc.*, 2019 WL 383885, at *5 (D. Mass. Jan. 30, 2019) (dismissing declaratory judgment count in factually similar case).

**IV.     Conclusion**

For the reasons set forth in the foregoing memorandum, the Court orders as follows:

1. Judgment of default shall enter for BASF Corporation against Western Avenue Auto

Body Shop of Lynn, Inc. a/k/a and/or f/k/a Western Avenue Auto Body and Raffi Keikian jointly and severally as to its claims for breach of contract (Counts 1 and 2) in the amount of $204,070.42, plus prejudgment interest in the amount of $9,679.06 for a total judgment of $213,749.48.

2. Postjudgment interest shall accrue at the statutory rate on any unpaid portion of the judgment.

3. Counts 3 and 4 are dismissed without prejudice.

**So Ordered.**

Dated: October 18, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court